**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4534

DERON MACK,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4635

DERON MACK,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-38)

Submitted: March 11, 1997

Decided: March 27, 1997

Before RUSSELL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Kathleen M.

Kahoe, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deron Mack, a prisoner of the District of Columbia Department of Corrections at the Lorton Reformatory, appeals from his convictions of prisoner possession of heroin in violation of 21 U.S.C. § 841(a)(1) (1994), and possession with intent to distribute heroin in violation of 18 U.S.C. § 13 (1994), assimilating Va. Code Ann. § 53.1-203(5) (Michie 1994). He also appeals the district court's denial of his motion for new trial. We find that the district court did not abuse its discretion in allowing expert testimony concerning drug use and distribution at Lorton Reformatory and in denying the defendant's motion for new trial based on newly discovered evidence. Accordingly, we affirm.

Lorton Correctional Officer Segeant Anthony Banks observed inmate Deron Mack acting suspiciously and attempting to hide something under a mattress. As Banks approached Mack, he attempted to throw the item away. Banks seized the item: an old sock containing what Banks believed to be contraband and United States currency. Security Lieutenant King investigated further and removed from the sock six small packets containing a white substance, a larger packet containing a brownish substance, and $570 in cash. Testing revealed that the white substance was heroin of 24% purity, and the brownish substance was heroin of 81% purity. Thereafter, a jury convicted Mack of prisoner possession of heroin and possession with intent to distribute heroin, and the court sentenced him to supervised release consecutive to his present sentence, along with a special assessment.

2

On appeal, Mack contends that the district court abused its discretion in allowing the testimony of Captain Grillo because, he asserts, Grillo's testimony was not admissible under Fed. R. Evid. 704(b). Contrary to Mack's characterization, Grillo did not opine as to an "intent to distribute." Instead, Grillo noted that Mack's possession of $570, along with one packet of heroin of 81% purity and six packets of heroin of 24% purity indicated a distribution network. Because Grillo's testimony as to the modus operandi of drug traffickers within Lorton was permissible, we find that the district court did not abuse its discretion in allowing the testimony. See United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994).

Mack also challenges the district court's denial of his motion for new trial. Mack contends that the discovery of an error made by the Government's fingerprint expert in a separate case more than a year prior to Mack's trial entitles him to a new trial. We review the district court's denial of a motion for new trial for abuse of discretion. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). The district court determined that Mack failed to meet the required standard for granting a new trial. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Because the information about the error in the earlier case was not material to the issue of whether Mack possessed heroin with intent to distribute, was merely impeaching, and would probably not produce an acquittal, we conclude that the district court did not abuse its discretion in denying Mack's motion for new trial based on the ground of newly discovered evidence. See United States v. Chavis, 880 F.2d at 793.

Mack's convictions are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3